UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

MILES LEWIS,

        Petitioner,               Case No. 2:25-cv-298

v.

                                      Honorable Ray Kent

UNITED STATES DISTRICT COURT,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

      This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (IBC) in Kincheloe, Chippewa County, Michigan, pursuant to sentences imposed by the Wayne County Circuit Court on August 20, 2008, for felony murder, second-degree murder, and use of a firearm during the commission of a felony (felony-firearm). *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=349958 (last visited Dec. 20, 2025). In the present petition, Petitioner claims that he is being held in violation of his constitutional rights because of defects in the charging documents used for his criminal prosecution. (Pet., ECF No. 1, PageID.5–10.)

      This is not the first habeas petition that Petitioner has filed in this Court. On June 8, 2016, Petitioner filed a petition challenging the same convictions he challenges in the present petition. Pet., *Lewis v. Place*, No. 2:16-cv-137 (W.D. Mich.) (ECF No. 1). By order and judgment entered July 27, 2016, the Court denied the petition as time-barred. Order, Judgment, *id*. (ECF Nos. 5, 6).

Less than two months after the Court denied Petitioner's first petition, he filed a second. Pet., *Lewis v. Place*, No. 2:26-cv-212 (W.D. Mich.) (ECF No. 1). The Court transferred that petition to the Sixth Circuit Court of Appeals as second or successive. Order, *id*. (ECF No. 2). The Sixth Circuit denied leave to file a second or successive petition by order entered March, 30, 2017. Order, *id*. (ECF No. 4).

The question before the Court is whether Petitioner's instant petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b). Under the AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier." *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)), *cert. denied sub nom. Hill v. Shoop*, 144 S. Ct. 2531 (2024). "For petitions filed after the first one—'second or successive' in the language of § 2244(b)—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)). However, the district court is responsible to initially determine whether a petition is "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012)

"[N]ot all petitions filed second in time are 'second or successive' and thus subject to the restrictions of § 2244(b)." *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) (quoting *In re Hill*, 81 F.4th at 568), *cert. denied sub nom. Gutierrez v. Miniard*, 145 S.

2

Ct. 261 (2024). Indeed, as the United States Court of Appeals for the Sixth Circuit recently summarized:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *In re Hill*, 81 F.4th at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*Id.*

Here, as stated above, Petitioner's initial habeas action and the claims raised therein were dismissed with prejudice on the merits. *See, e.g., Gutierrez*, 2024 WL 3333932, at * 1 ("The dismissal of a petition as untimely is a decision 'on the merits.'"). Moreover, Petitioner's present petition does not satisfy any of the three exceptions set forth by the Sixth Circuit. It does not challenge a new state-court judgment. The claims were not "unripe" at the time of the original petition. And, the claims were not previously dismissed as unexhausted. Accordingly, the instant petition is second or successive within the meaning of § 2244(b).

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: December 29, 2025          /s/ Ray Kent
                                  Ray Kent
                                  United States Magistrate Judge

4